Matter of Cumberland v Venettozzi (2019 NY Slip Op 08905)





Matter of Cumberland v Venettozzi


2019 NY Slip Op 08905


Decided on December 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 12, 2019

529094

[*1]In the Matter of Robert Cumberland, Petitioner,
v
Donald Venettozzi, as Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: November 8, 2019

Before: Egan Jr., J.P., Devine, Aarons and Pritzker, JJ.


Robert Cumberland, Comstock, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Petitioner commenced this CPLR article 78 proceeding challenging a prison disciplinary determination rendered following a rehearing. The Attorney General has advised this Court that the determination at issue has been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the $5 mandatory surcharge has been refunded to petitioner's inmate account. The record reflects that the penalty imposed included three months loss of good time, and this amount should also be restored to petitioner (see Matter of Small v State of New York, 171 AD3d 1380, 1381 [2019]; Matter of Chavez v Annucci, 168 AD3d 1332, 1333 [2019). As petitioner has otherwise received all of the relief to which he is entitled, the petition must be dismissed as moot (see Matter of Telesford v Annucci, 175 AD3d 1717, 1717 [2019]; Matter of Jackson v Annucci, 171 AD3d 1381, 1381 [2019]). Furthermore, given that the record discloses that petitioner paid a reduced filing fee of $15 in connection with this proceeding, we grant his request for reimbursement of such amount (see Matter of Jackson v Henley, 175 AD3d 1686, 1687 [2019]; Matter of Williams v Keyser, 167 AD3d 1202, 1202 [2018]).
Egan Jr., J.P., Devine, Aarons and Pritzker, JJ., concur.
ADJUDGED that the petition is dismissed, as moot, without costs, but with disbursements in the amount of $15.